UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE RENEE MCLAIN,<br><br>            Plaintiff,<br><br>  v.<br><br>DANIEL N. GORDON, PC; and<br>MIDLAND CREDIT MANAGEMENT,<br>INC.,<br><br>            Defendants. | CASE NO. C09-5362BHS<br><br>ORDER STAYING<br>PLAINTIFF'S MOTION TO<br>COMPEL AND ORDERING<br>PLAINTIFF'S COUNSEL TO<br>SHOW CAUSE |

This matter comes before the Court on Plaintiff Christine Renne McClain's ("McLain") motion to compel discovery (Dkt. 47). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file an hereby denies the motion and orders McLain's counsel to show cause as discussed herein.

## I. DISCUSSION

On April 19, 2010, McLain filed the instant motion to compel. Dkt. 47. On April 30, Defendant Daniel N. Gordon, PC ("Gordon") replied in opposition. Dkt. 49. On May 7, 2010, McLain replied. Dkt. 51.

ORDER - 1

**A.     Appearing Pro Hac Vice**

Gordon alleges in its response to the instant motion that McLain's counsel, Alex Weisberg ("Weisberg"), is appearing before this court in violation of Local General Rule 2(d). Dkt. 49 at 1. Weisberg has made no attempt to respond to this allegation by Gordon. *See* Dkt. 51 (reply to response in opposition to motion to compel). Rule 2(d) provides, in pertinent part:

> Any member in good standing of the bar of any court of the United States, or of the highest court of any other state, or of any organized territory of the United States, and who neither resides nor maintains an office for the practice of law in the Western District of Washington normally will be permitted upon application and upon a showing of particular need to appear and participate in a particular case if there shall be joined of record in such appearance an associate attorney having an office *in this district* and admitted to practice in this court who shall sign all filings prior to filing and otherwise comply with CR 10(e) hereof. Attorneys who are admitted to the bar of this court but reside outside the district need not associate with local counsel.

GR 2(d) (emphasis added).

On November 12, 2010, Weisberg applied to appear pro hac vice for McLain. Dkt. 18. Weisberg's application notes that he is an attorney in Cooper City, Florida. *Id*. at 2. On November 13, 2010, Weisberg's application was approved. However, Weisberg's "local" office in Washington is listed as 3877 N. Deer Lake Rd, Loon Lake, WA, 99148. Loon Lake is in Stevens County, which is located in the eastern part of the Eastern District of Washington. Such an office is not in compliance with GR (2)(d).

Therefore, Weisberg is ordered to show cause whether he is properly before this Court and, if not, why the Court should not dismiss the complaint for appearing in violation of GR 2(d). Weisberg's response to this show cause order, which is not to exceed five pages, shall be filed on or before June 4, 2010.

**B.     Meet and Confer**

Before filing a motion to compel, the moving party must make a good faith effort to meet and confer with opposing counsel regarding any disputes about a party's

ORDER - 2

responses to discovery requests. Fed. R. Civ. P. 37(a)(1). No motion to compel will be considered by the Court unless the meet and confer requirement of Rule 37(a)(1) is met.

Gordon urges the Court to deny McLain's motion to compel because the required good faith meet and confer did not occur in this matter. Declaration of Kjersten H. Turpen (Dkt. 50) ¶ 2 (attesting that "Plaintiff did not contact me after my response to her letter . . . . Plaintiff filed her motion [to compel] about three hours after I sent a letter to Plaintiff's counsel via email.").

"A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or telephone conference." Fed. R. Civ. P. 37(a)(1)(A). The Court is unable to determine on the record before it whether such a phone conversation or face-to-face meet and confer preceded the instant motion.

The Court reserves its ruling on the motion to compel until after it has determined the pro hac vice matter identified above.

**C.      Gordon's Motion for Sanctions**

The Court declines to impose sanctions at this time.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' motion to compel is **STAYED** until the pro hac vice issue is resolved. Weisberg is ordered to **SHOW CAUSE** on the pro hac vice issue as discussed above.

DATED this 24th day of May, 2010.

　　　　　　　　　　　　　　　　　　BENJAMIN H. SETTLE
　　　　　　　　　　　　　　　　　　United States District Judge

ORDER - 3