UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE RENEE MCLAIN, | CASE NO. C09-5362BHS |
| Plaintiff, | |
| v. | ORDER ON MOTIONS FOR SUMMARY JUDGMENT |
| DANIEL N. GORDON, PC, | |
| Defendant. | |

This matter comes before the Court on the parties' cross motions for summary judmgent, Dkt. 61 (Defendant's motion) and Dkt. 65 (Plaintiff's motion). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants summary judgment in favor of Defendant.

**I. PROCEDURAL HISTORY**

On June 28, 2010, Defendant Daniel N. Gordon, PC ("Gordon") moved the Court to enter summary judgment as to all claims asserted by Plaintiff ("Mclain"). On July 7, 2010, Mclain filed a cross motion for summary judgment. Both parties filed responses and replies to the respective motions. Dkts. 71, 73, 75, 79. The Court set these motions to be considered at the same time, on July 30, 2010.

ORDER - 1

## II. FACTUAL BACKGROUND

This matter concerns Gordon's attempt to collect debt allegedly owed by Mclain on behalf of a third-party creditor, Gordon's client. Mclain alleges the following facts in support of her claims:

> 7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendants' conduct violated the FDCPA and RCW § 19.16 in multiple ways, including but not limited to:
> (a) Falsely representing the character, amount, or legal status of Plaintiff's debt, including agreeing to settle the debt for $1300 if paid by March 31st, and adding capricious additional money demands when Plaintiff paid the $1300 approximately 1 week late, stating first that Plaintiff owed and additional $100, then stating that if Plaintiff did not pay immediately it would rise to an additional $325.00 (§ 1692e(2)(A));
> (b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including serving a summons and complaint on Plaintiff that simulated actual legal process, whereas no lawsuit had actually been filed in the court specified on the documents (§ 1692e(10));
> (c) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a));
> (d) Where Defendants had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendants permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2);
> (e) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. Defendants misrepresented the identity of its client to Plaintiff. Defendants served Plaintiff with process for a lawsuit against Plaintiff for an unpaid debt on or about March 8, 2009. The summons served on Plaintiff stated that the owner of the debt was MRC Receivables Corp. Plaintiff then called Defendants to discuss settlement of the debt after she became alarmed at the prospect of being sued. In this conversation, Defendants agreed to accept $1300 as payment in full of the debt. On March 9, 2009, Defendant sent a letter memorializing the agreement. On the March 9 letter Defendant stated that the current creditor for the debt is Midland Credit Management, Inc. Plaintiff does not know the identity of the current creditor, so it is unclear whether it was the letter or the process served on Plaintiff that misrepresented the identity of the collector, but Plaintiff presumes that only one creditor owns the debt, and that is [sic] a misrepresentation for Defendants to state that someone other than the true current creditor owns the debt (§ 1692e(10));

>  (f) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt. Plaintiff used unfair and unconscionable means when it threatened to request that a Washington State Court give an order preemptively absolving them from any liability under the FDCPA for unlawful contacting third parties in an attempt to collect a debt. In Defendants' complaint, served on Plaintiff on or around March 8, 2009, Defendants requests the following relief from the court: "The Court should authorize Plaintiff, its agents, attorneys and assigns to reveal the existence of Defendants' debt to such third persons and entities for the purpose of collecting any judgment entered by this court." By this, Plaintiff requested that the court authorize Plaintiff to take action prohibited by the FDCPA. This is because Defendants' asked the Court to authorize Defendants to disclose the existence of the debt to any third party as long as Defendants' purpose in doing so was to collect on its judgment, where as the FDCPA limits lawful third-party contacts to those that are reasonably necessary to collect on the judgment. If the court granted such a request, it would have authorized Defendants to take actions that were for the purpose of collecting on a judgment but were not reasonably necessary to do so. Asking a court to grant Plaintiff the authority to violate the FDCPA would be an unconscionable tactic. Serving Plaintiff with a complaint requesting such authority is a threat to take action that cannot legally be taken (§1692f; § 1692e(5)); . . . .

Dkt. 14 (Second Amended "Complaint") at 3-6.[1]

Mclain contends that Gordon's collection efforts, as alleged, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and Chapter 19.16 of the Revised Code of Washington ("RCW"). *See* Complaint ¶ 10 (Count I). Mclain also alleges that Gordon's practices, as alleged, violated the Washington Collection Agency Act ("WCAA"), which is a per se violation of the Washington Consumer Protection Act ("WCPA"). *See id.* ¶ 11 (Count II). Finally, Mclain alleges that Gordon's practices, as alleged, constituted common law invasion of privacy by intrusion. *See id.* ¶ 12 (Count III).

---

[1] Mclain withdrew her claim that Gordon violated 15 U.S.C. § 1692c(a)(2) when he allegedly contacted Mclain while she was represented by counsel. Dkt. 71 at 24. Therefore, summary judgment is proper on this issue, but is not dispositive with respect to Mclain's other FDCPA claims against Gordon. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997) (permitting an FDCPA claim to be raised on the basis of a single violation).

ORDER - 3

### III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific

statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     The FDCPA**

The FDCPA is a federal consumer protection statute. It prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Like other statutes of its kind, the FDCPA strikes a cautious balance between protecting the public and allowing debt collectors reasonable leeway to conduct legitimate business. *See, e.g.*, S. Rep. No. 95-382, at 1 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696, 1698-99 (the statute prohibits "improper conduct" and dishonest collection practices "without imposing unnecessary restrictions on ethical debt collectors"); *see also Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1169-70 (9th Cir. 2006). The statute itself contains a list of proscribed practices; this list is non-exhaustive. *See Clark*, 460 F.3d at 1170 n. 4. Courts interpret the FDCPA in accordance with the "least sophisticated consumer" standard, ensuring that the "FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d at 1171; *see also Swanson v. S. Or. Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988).

**C.     Parties' Cross Motions for Summary Judgment**

    **1.     Count I, Alleged Violation of FDCPA**

Mclain alleges that Gordon's collection practices constitute a violation of the FDCPA. In opposition, Gordon argues that no facts can support such a claim and, therefore, moves the Court to enter summary judgment on this issue. *See* Dkt. 61 at 5.

        **a.     Proper Notice, 15 U.S.C. 1692(g)(a)**

Mclain alleges that Gordon failed "to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within

ORDER - 5

5 days thereof (§ 1692g(a))." Complaint ¶ 7(c). Section 1692g(a) provides that a debt collector shall "send the consumer a written notice" of his rights within five days of the initial communication. In opposition, Gordon contends it satisfied the requirements of this statute. *See, e.g.,* Dkt. 73 at 2.

In challenging the propriety of notice, Mclain argues that the address on the letters (notices) mailed by Gordon was missing the word "East" on the street name and, therefore, may have been mailed to an incorrect address. Dkt. 71 at 2.[2] Mclain argues that perhaps there are more than one 152nd Streets in Tacoma, which would have resulted in Mclain being unable to receive these letters. In support of her contention, Mclain relies on the common law "mail box" rule, which provides that "proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." Dkt. 71 (quoting *Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992). However, several problems exist with Mclain's position.

First, Mclain's "misaddressing the notice" argument is not well taken. Mclain does not argue that the letters (notices) were not sent by Gordon. Mclain does not argue that Gordon did not supply the proper notices within the five letters sent to Mclain. *See* Affidavit of Matthew R. Aylworth (Aylworth Aff., Dkt. 63) ¶ 3. Rather, Mclain relies solely on this misaddressing argument. Problematic for Mclain is that she admits that she received a letter regarding the challenged debt, which was delivered by mail to her home address, missing the word "East" from the address. *See* Declaration of Joe Hochman (Hochman Decl., Dkt. 72), Ex. I (letter dated March 9, 2009, regarding an agreed settlement of the debt). Further, Mclain was personally served with an unfiled summons and complaint at the same address. Aylworth Aff. ¶ 5.

---

[2] Mclain's proper address is "Christine Mclain, 3918 152nd Street Court East, Tacoma, Wa 97446." The challenged letters (notices) were mailed to "Christine Mclain, 3918 152nd Street Ct., Tacoma, WA 98446." The only difference between the addresses at issue is the missing "East" in the address used by Gordon.

ORDER - 6

Second, and significant to the resolution of this issue, is that receipt of the requisite notice is not critical. *Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) ("Nowhere does the statute require receipt of the Notice"). Indeed, "[t]he plain language of section 1692g(a) does not require that a Validation of Debt Notice must be received by a debtor. Instead, the plain language states that such a Notice need only be sent to a debtor." *Id*.

Based on the foregoing, Mclain's "multiple 152 Street" theory is a strained but failed attempt to create a material question of fact. Therefore, the Court grants summary judgment in favor of Gordon on this issue.

### b. False Representation, 15 U.S.C. 1692e(2)(A), 1692f(1)

Mclain alleges that Gordon violated § 1692e(2)(A) by "[f]alsely misrepresenting the character, amount, or legal status of Plaintiff's debt . . . ." Complaint ¶ 7(a). This section of the FDCPA provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ***
> (2) The false representation of--
>     (A) the character, amount, or legal status of any debt

15 U.S.C. § 1692e.

The parties agree that RCW 19.16.250 governs what may be collected by Gordon from Mclain. In addition to the principal amount of debt owed it is illegal to "[c]ollect or attempt to collect . . . any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and in the case of suit, attorney's fees and taxable court costs . . . ." RCW 19.16.250(18); *see also* RCW 19.16.250 (19) (preventing the attempt to secure by contract, stipulation, promise or acknowledgment funds other than those permitted by subsection (18)).

ORDER - 7

In the instant case, Gordon initially sent a letter notifying Mclain of a debt in the amount of $1741.73. This amount consisted of principal in the amount of $1248 and other costs. Mclain does not dispute that the $1741.73 was comprised of principal and other sums recoverable under RCW 19.16.250(18). In a letter dated March 9, 2009, Gordon informed Mclain that it was willing to settle her debt in full for $1300 "with the stipulation that said amount will be received by this office no later than 3/31/09." Mclain did not meet this deadline; therefore, the condition precedent upon which the settlement was made did not occur. The parties do not dispute that Mclain attempted to renegotiate the deadline for this payment. Gordon agreed to renegotiate and extend the deadline to April 2009, provided Mclain paid $1400 instead of $1300. Aylworth Aff., Ex. 9, p. 15-17, 19-20; RCW 19.16.250(18). *See, e.g.,* Dkt. 65 at 10.

Mclain argues this incremental increase of $100 is without justification and would constitute an illegal collection under RCW 19.16.250, thereby violating § 1692(e)(2)(A). However, Mclain's logic is flawed. If Gordon was permitted to collect the $1741.73[3] in the first place, which is not disputed by Mclain, Gordon was also permitted to negotiate a settlement for lower than this amount, which it attempted to do. When Mclain did not meet the condition precedent, paying the full $1300 by a certain date, their settlement agreement was inoperative. Accordingly, Gordon was again entitled to negotiate a settlement for less than the amount owed, given that the amount sought was permitted under the applicable rules. Therefore, the incremental $100 does not invoke the rules upon which Mclain relies to establish a violation of the FDCPA under § 1692e(2)(A). In short, Gordon never attempted to collect funds that were not permitted to be collected under RCW 19.16.250.

---

[3] The amount sought to be recovered by Gordon eventually reached upwards of $1868.53 for the apparent failure to respond to prior letters regarding the debt owed. However, for the sake of example and to reduce confusion, the Court relies on the initial debt described in Gordon's March 17, 2008, letter to Mclain. Dkt. 63-2 at 1.

Additionally, Mclain makes the same argument to support her claim that Gordon violated 15 U.S.C. § 1692f(1) (attempting to collect a sum not authorized by law). The Court concludes that this claim is not actionable for the same reason Mclain's argument under § 1692(e)(2)(A) fails.

Because the Court concludes that Gordon did not violate § 1692e(2)(A) (false representation of debt) or § 1692f(1) (collection of an unauthorized sum), it grants summary judgment in favor of Gordon on these issues.

### c. Contacting of Third Parties, 15 U.S.C. § 1692c(b)

Mclain alleges that Gordon violated § 1692c(b) when it requested leave from a court to contact third parties regarding the Mclain's alleged debt. Complaint ¶ 7(f). In opposition, Gordon correctly notes that the FDCPA expressly permits making such a request of a court. *See* 15 U.S.C. § 1692c(b) (debt collector may not communicate with third parties in connection with the collection of any debt, except with, among other things, "the express permission of a court of competent jurisdiction[.]")

Mclain predicates her argument on the fact that Gordon did not have justification for making such a request of a court. *See* Dkt. 71 at 5-6. However, violating 15 U.S.C. § 1692c(b) occurs when an improper communication to third parties is made, not when a party requests leave to make proper contact regarding the debt. In other words, whether or not Gordon's request was justified is a question for the court from which it sought leave. It is not, however, a material question of fact as to whether Gordon made such improper contact which would constitute a violation of 15 U.S.C. § 1692c(b).

Because no allegations of improper contact have been made by Mclain, this argument is a nonstarter and summary judgment on this issue is granted in favor of Gordon.

**d.    Serving an Unfiled Summons/Complaint, § 1692e(10), § 1692e(5)**

15 U.S.C. § 1692e(10) proscribes "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Mclain argues that Gordon's service upon her of an unfiled summons/complaint constituted a false representation or deceptive means of collection because the documents served represented to be authorized by a court of Washington State in violation of § 1692e(10). Complaint ¶ 7(b); *see also* Dkt. 71 at 8 (referring to this action as a scare tactic to provoke payment of the debt owed).

In this circuit, the standard for discerning whether a statement is materially false or misleading was announced in *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1229 (9th Cir. 1989). If the least sophisticated debtor would "likely be misled" by a communication from a debt collector, the debt collector has violated the Act. *Id.* at 1225.

The Court cannot find that Mclain was likely misled to believe that the service of process was authorized by Pierce County Superior Court. In the first place, nothing in the document was false. The summons merely states that a lawsuit has been started, which it had: service begins a lawsuit under Washington Superior Court Civil Rule 3. More importantly, the Court finds that reading the first page of the summons would have provided Plaintiff with adequate information about the status of her suit. The summons says, in no uncertain terms, "You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiff." (Pierce County Summons (Aylworth Aff, Ex. 7 at 1)). Upon reading this sentence, even the least sophisticated consumer would likely understand that the lawsuit had not yet been filed, and would likely therefore understand that the state court had not issued it.

Finally, the Court is unwilling to hold that service of an unfiled complaint violates the FDCPA, because the ramifications of this rule would require debt collectors to always file first and then serve. This is simply too sweeping of a proposition for the Court to

ORDER - 10

countenance and is not required by either legislative act or court rule. There are legitimate reasons to serve unfiled complaints. For instance, a debt collector may wish to portray to a consumer honestly that it may file the summons and complaint if the debtor refuses to respond through less formal means. This may, in some cases, lead to the conservation of judicial resources and filing fees.

Therefore, the Court grants summary judgment in favor of Gordon on this issue.[4]

### e. Misrepresenting Identity of Gordon's Client, § 1692e(10)

The FDCPA proscribes "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Whal v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009). The Sixth Circuit reached the same conclusion. *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (concluding that a false but non-material statement is not actionable under § 1692e). "Whether conduct violates §§ 1692e or 1692f requires an objective analysis that considers whether the least sophisticated debtor would likely be misled by a communication. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (collecting cases) (internal citations omitted). The *Donohue* court held that "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable" under § 1692e. *Id.*

Mclain contends Gordon misrepresented the identity of its client to whom the debt was owed, which would violate § 1692e(10). Complaint ¶ 7(e). The parties do not dispute the basic facts surrounding this allegation. Gordon personally served a

---

[4]This same analysis applies to Mclain's argument that the service of such a summons/complaint was an unconscionable tactic to collect debt, which, if true, would violate § 1692e(5). The Court will not adopt such a rule.

ORDER - 11

summons/complaint on Mclain, which named MRC Receivables Corp. ("MRC") as the creditor. Mclain thereafter called Gordon and arranged for a settlement of the debt owed to MRC. Gordon then mailed Mclain a confirmation of that agreement (the "Agreement"), which provided that the debt was owed to Midland Credit Management, Inc. ("Midland").[5] *See* Hochman Decl., Ex. A (summons/complaint), Ex. E (agreement to settle, identifiing Midland). The issue, as Mclain contends, is that she did not ever know of Midland. Her debt as identified in the summons/complaint and Gordon's prior letters all named MRC Receivables Corp. ("MRC") as the owner of the debt at issue. Mclain argues, "[h]ow could [Mclain] know which was the correct creditor. Clearly, the identity of the creditor is a material misrepresentation . . . ." Dkt. 71 at 11.

The Court is not persuaded by Mclain's argument. Mclain herself admitted she was not confused by this letter. Deposition of Christine Mclain at 32 (Dkt. 62-2 at 7) (stating that she was not confused about anything in the Agreement). Mclain has submitted no evidence that she settled multiple debts for this amount during this time, which could have potentially caused confusion.

The Court finds that naming Midland as the creditor, while false, was not material and, therefore, not actionable. The Court also concludes that such an error would not likely confuse the least sophisticated consumer. This conclusion is consistent with case law. *See, e.g.*, *Donohue*, 592 F.3d at 1033.

Therefore, the Court grants summary judgment on this issue in favor of Gordon.

**2.     Count II, Alleged Violation of WCAA and WCPA**

Gordon argues that the WCAA does not apply to Gordon because the statute excludes the activities of "any person . . . directly related to the operations of a business other than a collection agency . . . such as . . . lawyers." RCW 19.16.100(3)(c). Gordon

---

[5] Mclain dismissed any claims originally filed against Midland. Dkt. 60 (stipulation to dismiss Midland from this action).

ORDER - 12

seems to be arguing that its status as a law firm grants it total immunity, but Gordon was acting as a collection agency for MRC; it was not, for example, collecting debts owed to it by a client for legal services. *Semper v. JBC Legal Group*, C04-2240-RSL, 2005 WL 2172377, at *3 (W.D. Wash. Sept. 6, 2005).

In *Semper*, Judge Lasnik squarely addressed this issue:

> Defendant JBC Legal Group PC violated RCW 19.16.110 when it acted as a collection agency within the State of Washington without first obtaining a license. Pursuant to RCW 19.16.100(2)(a), a "collection agency" means "any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person." In this case, JBC has attempted to collect a claim asserted to be owed to an entity called Outsource Recovery Management. Nonetheless, JBC argues that it is not a "collection agency" because RCW 19.16.100(3)(c) excludes from that term "[a]ny person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as . . . lawyers . . . ." When read as a whole and in light of the interpreting case law, Washington's Collection Agency Act applies to entities such as JBC which seek to collect debts that are unrelated to JBC's (or its affiliated company's) non-debt collector business. If, for example, JBC were seeking to recover fees owed to it by a client for legal services rendered, such activities would not make JBC a "collection agency." *See Berry v. Fleury*, 111 Wash.App. 1048, 2002 WL 1011541 (Wn. App. May 20, 2002). The same result would probably arise if JBC were collecting debts owed to an affiliated company as long as those debts arose from a business other than the collection of debts. *See* RCW 19.16.100(3)(f); *Trust Fund Servs. v. Aro Glass Co.*, 89 Wn.2d 758, 761-62 (1978). The debt JBC sought to collect from plaintiff is not "directly related to the operation of a business other than that of a collection agency"-its affiliate company purchased the alleged debt from a third-party merchant for the sole purpose of collecting on the instrument. Despite the fact that JBC is a law firm, its actions in this case are those of a collection agency subject to regulation under the Collection Agency Act.

*Id*. The Court is persuaded by and adopts this reasoning. Therefore, the Court concludes that Mclain has pled sufficient facts to survive Gordon's motion for summary judgment on this issue, which would thereby invoke the WCPA. However, it is unclear whether Mclain's WCAA/WCPA claim survives summary judgment as a general matter.

It appears to the Court that Mclain's argument to establish a violation of the WCAA is predicated on her argument that Gordon allegedly attempted to collect sums not

ORDER - 13

authorized by law. This argument was rejected above (Gordon merely agreed to a higher debt settlement that still remained lower than the amount owed). Mclain offers no substantive basis on which her WCAA/WCPA claim can survive in light of the foregoing.

Therefore, Mclain's WCAA/WCPA claim is denied.

### 3. Count III, Alleged Violation of Common Law Invasion of Privacy

Finally, Mclain alleges that Gordon's debt collection practices violate the common law of invasion of privacy by intrusion. This claim is also derivative to the remainder of the claims. Indeed, to support this claim, Mclain argues "[Gordon] surprised and frightened an unsuspecting Plaintiff with an unfiled summons and complaint, then arbitrarily raised the settlement amount and demanded payment of an additional $100.00." Dkt. 71 at 24 (attempting to refute Gordon's argument that this claim is not actionable).

Therefore, because this claim is derivative of the other claims discussed herein, the Court grants summary judgment in favor of Gordon on this issue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Gordon's motion for summary judgment is **GRANTED** as discussed herein, and Mclain's motion for partial summary judgment is **DENIED**.

DATED this 24th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 14