UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE RENEE MCLAIN, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL N. GORDON, PC, <br><br> Defendant. | CASE NO. C09-5362BHS <br><br> ORDER DENYING DEFENDANT'S MOTION FOR FEES AND COSTS |

This matter comes before the Court on Defendant's ("Gordon") motion for fees and costs (Dkt. 93). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL HISTORY**

On August 24, 2010, the Court granted summary judgment in favor of Gordon as to each of Plaintiff's ("Mclain") claims.[1] On September 7, 2010, Gordon moved the court to grant fees and costs pursuant to Fed. R. Civ. P. 54 (reasonable costs), Local Court Rule

---

[1] The court rejected the following claims on summary judgment: that Gordon's collection efforts, as alleged, violated (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (2) Chapter 19.16 of the Revised Code of Washington; (3) Washington Collection Agency Act, which is a per se violation of the Washington Consumer Protection Act; and common law invasion of privacy by intrusion. Dkt. 91 at 3 (order on summary judgment).

ORDER - 1

54 (reasonable costs), and 28 U.S.C. § 1927 (attorney fees for vexatious litigation). Dkt. 93. On September 20, 2010, Mclain responded in opposition to Gordon's motion. Dkt. 95. On September 24, 2010, Gordon replied. Dkt. 97.

## II. DISCUSSION

**A.   Costs**

Gordon moves the court for an award of costs in the amount of $3,209.73.[2] Dkt. 93 at 5. Mclain opposes this motion on the basis that the applicable FDCPA provision precludes applying the civil rule on costs. *See* Dkt. 95 at 1-2.

Rule 54 allows a court to award costs to a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Thus, "[w]hen the federal statute *forming the basis* for the action has an express provision governing costs . . . *that provision controls* over the federal rules." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 702 (9th Cir. 2010) (quoting *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001)).

Consistent with *Rouse*, the Court will only award Gordon FDCPA attorney fees/costs based upon a finding that Mclain brought her claim in bad faith. Because the Court does not find that Mclain brought this action in bad faith, no attorney fees or costs will be awarded to the extent they are attributable to the FDCPA claim, which formed the basis of Gordon's action. *See* Dkt. 27 (second amended complaint).

Nonetheless, *Lucky Stores* concerned a costs and attorney fees provision within the Americans with Disability Act ("ADA"), 42 U.S.C. § 12205, which trumped application of Rule 54 costs with respect to a plaintiff's ADA claim. 246 F.3d at 1190. Indeed, the

---

[2] Defendant's requested costs varies depending on the document reviewed. In the motion, Defendant requests $3,209.73 (Dkt. 93 at 5); in the reply Defendant requests $2412.57 (Dkt. 97 at 4); and in Turpen Decl. (Dkt. 98) ¶ 16 Defendant requests $3,093.62, which is inconsistent with the cited Exhibit 16 (Ex. 16 shows an amount of $3,209.73). Should Defendant renew the instant motion consistent with the order herein, an accurate request should be made.

ORDER - 2

Ninth Circuit interpreted 42 U.S.C. § 12205 to permit the award of costs on the same basis as attorney fees, only in situations where "the plaintiff's action was frivolous, unreasonable, or without frustration." *Lucky Stores*, 246 F.3d at 1190 (collecting cases). Mclain provides no basis to avoid the Court applying the same reasoning to his non-FDCPA claims. Thus, contrary to Mclain's position, Gordon may be able to recover costs attributable to Mclain's remaining non-FDCPA claims. *See id* (noting that the district court would have to explain rationale for denying costs unrelated to the ADA claim). *See id*.

However, while Gordon supplied a cost statement in support of the instant motion, the costs are not broken out by claim. Declaration of Kjersten H. Turpen (Turpen Decl.), Dkt. 94, Ex. 16 (cost spreadsheet). The Court cannot determine what costs are attributable to Mclain's non-FDCPA claims.

Therefore, the motion is denied on this issue.

**B.    Attorney Fees**

Gordon moves for attorney fees on the basis that Mclain "unreasonably and vexatiously" multiplied the instant litigation. The Court is unpersuaded by Gordon's argument on this issue; therefore, no attorney fees will be awarded in this case.

### III. ORDER

Therefore, it is hereby **ORDERED** that Gordon's motion for costs and attorney fees is **DENIED** as discussed herein.

DATED this 1st day of November 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3